# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

## EX PARTE HERNÁNDEZ.

### APPEAL from the District Court of Mayagüez.

#### No. 79.—Decided January 17, 1907.

DOMINION TITLE — DESCRIPTION OF PROPERTY — INITIAL PETITION. — Where the initial petition in proceedings to obtain a dominion title describes the property and gives all of the data required by Rule I of article 9 of the Mortgage Law, stating .the area in the system of measurement in vogue in the Island, although it may fail to state the equivalent thereof in the metric system, the petition will be deemed sufficient because it contains all the information necessary for the prosecution of the proceedings.

ID.—ORDER OF APPROVAL—RECORDABLE TITLE.—A final order declaring the ownership of a property to have been proved to be in the petitioner is a sufficient title for the purposes of admission to record in the registry of property, the same being subject, nevertheless, to the power of the registrar to classify the title and possession as may be proper by reason of the curable or incurable defects if the property was not described as required by law.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

In the petition initiating these proceedings, the purpose of which is to obtain a declaration of ownership in favor of the petitioner, Agustín Hernández Mena, is set forth the name and surname of the former owner.of the property, the length of time he possessed it as an inheritance from his father, the fact that he paid taxes thereon as owner, the date on which the petitioner purchased it, the price paid therefor, the fact that

it is not subject to any charge or lien whatsoever, that the peti
tioner lacks a written title of ownership, that he submits the
proof necessary to establish all these particulars, and he
prays for the citation of all persons who may believe them-
selves with any rights in the property, or who may be preju-
diced by the record of the ownership, as well as the citation of
the former owner, Adolfo Rivera.

The only objection made by the *fiscal* of the Mayagüez
court to the petition is that the provision of Rule I of article
9 of the Mortgage Law in force had been violated therein.

The estate is described as follows:

"That I am entitled to the ownership of a rural estate of 12
*cuerdas,* more or less, of land situated in the *barrio* of Leguisamos of
the municipal district, in coffee, pasture and minor products, bounded
on the north and the east by lands belonging to Arturo Torrellas; on
the south by lands belonging to Adolfo Rivera; and on the west by
the Cañas River. A frame house, roofed with clay tiles, having a
frontage of 6 and a depth of 4 meters, situated upon lands of the
rural estate described."

After having heard the evidence submitted, the judge, by
order of September 17 of last year, in which order the estate
is described and the area is stated in the system of measure-
ment used in this country and its equivalent in the metric sys-
tem, held and ordered that he should and did declare that the
ownership of the estate, the subject of these proceedings, had
been established in favor of Agustín Hernández Mena, and
directed that upon his decision becoming final, the proper cer-
tified copy thereof issue for the purposes of its record in the
registry of property.

The *fiscal* of the Mayagüez court appealed from this order,
which appeal has been upheld in this Supreme Court by the
*fiscal* hereof.

We believe that the petition initiating these proceedings
describes the nature of the property, for therein it is stated
that it is rural when the tract of land is spoken of, and urban,

when speaking of the house; the *barrio* in which it is situated (Leguisamos) is stated, and that said *barrio* belongs to the municipal district of Mayagüez, and the area thereof is given in accordance with the system of measurement used in this country—that is to say, in *cuerdas*—which can be easily reduced to the metric decimal system, as the judge did in his order of approval, and, finally, the boundaries are fixed by the four cardinal points, with a statement of the owners of the adjoining lands on three sides, and the Cañas River on the other; and when speaking of the house it is stated that it has a clay tile roof, the number of meter frontage and depth is given, and it is added that it is situated upon lands of the rural estate described.

We do not see any ground for the opposition of the *fiscal* in this case, because according to subdivision 5 of article 395 of the Mortgage Law, a final decision holding that the ownership has been proved in favor of the petitioner, is sufficient title for its record, and if the estate is not described in the decison in question as prescribed by law, it is the duty of the registrar to classify the title and act according to whether the defects are curable or incurable.

These proceedings have been conducted in accordance with the law and the regulations and the petiton seeking to prove the ownership contains everything essential to this end, and, therefore, the decision of the judge of the Mayagüez court, rendered on September 17, 1906, should be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.